IRA WEYMOUTH, surviving partner,

*vs.*

PENOBSCOT LOG DRIVING COMPANY, and trustees.

Penobscot.    Opinion March 24, 1883.

*Trustee process.    Penobscot Log Driving Company.*

A trustee disclosed that he was indebted to the Penobscot Log Driving Company for driving his logs in the sum of $4170.34. The charter of the company, as amended, provided that the company "may assess a toll not exceeding two dollars per thousand feet, board measure, on all logs and lumber of the respective owners, which may be driven by them, sufficient to cover all expenses, and such other sums as may be necessary for the purposes of the company." And the testimony of the officers of the company disclosed

that the directors intended to assess enough for making the drive, and then something more to pay the debts; *Held*, that the trustee was chargeable for the amount of his indebtedness disclosed, for driving of his logs.

ON REPORT.

Debt on a judgment rendered by the Supreme Judicial Court, Penobscot county, on the first Tuesday of January, 1880, for $1611.74 debt or damages, and $74.10 costs of suit. The only question presented to the court related to the trustee, and the material facts upon that question are stated in the opinion.

*John Varney* and *Wm. H. McCrillis*, for the plaintiff, cited: *Dartmouth College* v. *Woodward*, 4 Wheaton, 518; *Moor* v. *Veazie*, 31 Maine, 360; *Same* v. *Same*, 32 Maine, 343; *Riddle* v. *Locks & Canal Co.* 7 Mass. 169; 9 Howard, 259; *U. S.* v. *The Ship Recorder*, 1 Blatch. C. C. 223; Ang. & Ames, Corp. 121, 151, 164, 207; 3 Met. 530; 2 Story, 449, 451; *Kortright* v. *Buffalo Com. Bank*, 20 Wend. 91; *Nat. Bank* v. *Graham*, 100 U. S. 699; *Bank of Columbia* v. *Patterson*, 7 Cranch, 299.

*A. W. Paine*, for the defendants.

The trustee in this case is sought to be charged by reason of an assessment made by the company, as his proportionate part of the expense of driving the logs in 1880 and 1881. The judgment upon which the suit was brought was rendered prior to that time.

The only method the company have of raising money is by assessments made upon the owners of logs in the drive, each his proportionate part of the whole expense. The company has no capital stock and no means of acquiring any.

In the former case, between these parties reported, 71 Maine, 29, the court said "the liability of the log owners to be assessed, and its limits are fixed by law, as also the purposes to which such assessments may be applied. Any recovery against the defendant will not change that law in the slightest degree. No assessment hereafter made can be increased to meet any contingency not contemplated by the charter."

The debt in suit was not such a contingency. It was upon a judgment in an action of tort, or a misfeasance of the company committed in 1873, in not driving plaintiff's logs that year.

The assessment upon the trustee is not a debt to the company of a character which can be trusteed as its property, absolute and unconditional and uncontingent, but the company is only an agent to collect and disburse the money for a particular purpose excluding all others, and thus the assessment is not trusteeable.

Because it is not the debtor's property.

Because the trustee has the right to have his money go to pay his liability for his part of the expense of the drive.

Because other owners of logs in the drive have the same right of appropriation.

Because the company as now composed is altogether another and different body from that which existed when the liability in suit was contracted. Counsel cited: *Bowler* v. *E. & N. A. R. Co.* 67 Maine, 395; *Chapin* v. *Conn. River R. Co.* 16 Gray, 69; *Gould* v. *Newburyport R. Co.* 14 Gray, 472; *Granite Nat. Bank* v. *Neal*, 71 Maine, 125; *Thompson* v. *Lewis*, 34 Maine, 167; *Burnell* v. *Weld*, 59 Maine, 423; *Parker* v. *Wright*, 66 Maine, 392; *Tobey* v. *McFarlin*, 115 Mass. 98; *Whitney* v. *Munroe*, 19 Maine, 45; *Prov. Co. Bank* v. *Benson*, 24 Pick. 204; *Gardiner* v. *Hoeg*, 18 Pick. 168; *Whiting* v. *Earle*, 3 Pick. 201; *Richardson* v. *Whiting*, 18 Pick. 530; *Webber* v. *Doran*, 70 Maine, 140; *Godfrey* v. *Macomber*, 128 Mass. 188; *Bryant* v. *Erskine*, 50 Maine, 296; *Hancock* v. *Colyer*, 99 Mass. 187; *Hitchcock* v. *Lancto*, 127 Mass. 514.

WALTON, J. This is an action against the Penobscot Log Driving Company, and John Ross, trustee; and the only question is whether the trustee is chargeable. We think he is. He discloses that he owes the log driving company $4170.34, and we can find no valid reason for holding that he is not chargeable.

It is said that he ought not to be charged because his indebtedness is for tolls for driving his logs; and that, by the organic law of this corporation, all money due for tolls is appropriated to the payment of the expenses of driving, and can not be lawfully used for any other purpose.

We fail to find any thing in the organic law of this corporation to sustain this proposition. It would have some support if the charter had remained as originally enacted; for it then limited the amount of tolls to a sum sufficient to pay the expenses of driving logs, and provided that if more should be collected the balance should be refunded. But it seems to have been early discovered that this was an inconvenient limitation; and, in 1865, the charter was amended by an additional act declaring that the company "may assess a toll not exceeding two dollars per thousand feet, board measure, on all logs and lumber of the respective owners, which may be driven by them, sufficient to cover all expenses, *and such other sums as may be necessary for the purposes of the company;*" and the act further declares that all acts and parts of acts inconsistent therewith, are repealed. This act invests the corporation with new powers. Its tolls are no longer limited to the expenses of driving logs. Within the limits named, they may be made large enough to meet all legal liabilities of the corporation.

And such has been the understanding of its officers. Mr. Moore, clerk and treasurer of the corporation, testifies that "in every drive that has been made the intention of the directors has been to assess enough for making the drive, and then something more to pay the debts." And Mr. Strickland, one of the directors, testifies that the sum so added has been ten, fifteen, and twenty cents per thousand feet, board measure.

And Mr. Ross testifies that the tolls for which he is trusteed in this suit include fifteen and twenty cents per thousand feet more than sufficient to cover the expenses of driving.

It is not, therefore, true that the trustee's indebtedness is for an assessment made for the sole purpose of defraying the expenses of the drive of which his logs were a part. It is an assessment largely in excess of such expenses. And made so intentionally, for the very purpose of providing for the general indebtedness of the company. And there is nothing in the organic law of this corporation or the acts of its officers to justify the court in holding that this assessment is appropriated to the payment of one

debt of the corporation more than another.  It is a debt due absolutely, and the amount is certain.  We can not doubt that such a debt is attachable.

*Trustee charged for $4170.34.*

APPLETON, C. J., DANFORTH, VIRGIN and SYMONDS, JJ., concurred.

PETERS, J., did not sit.